UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-556-PPS-MGG |
| RUSS OLMSTEAD, et al., | |
| Defendants. | |

OPINION AND ORDER

Plaintiff Timothy Marcus Mayberry is incarcerated at Wabash Valley Correctional Facility. He filed a complaint on his own behalf concerning his alleged treatment at the St. Joseph County Jail while he was awaiting trial. "A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mayberry is incarcerated, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

According to Mayberry, he was held at the St. Joseph County Jail where, from April to June 2019, Defendant Deputy B. Dunifin intentionally withheld from him for days soap and toilet paper. He also alleges that Dunifin restricted him from receiving clean jail uniforms, forcing him to wear the same clothing for more than a week at a

time, even as other prisoners were provided fresh clothing. Mayberry had to see a doctor for an anal exam because he was using notebook paper to wipe himself. After the visit he bought hydrocortisone cream to treat the inflammation and a rash which were aggravated by his having to wear dirty underwear and clothing.

Mayberry's claim that he was subjected to unsanitary conditions falls under the Fourteenth Amendment to the United States Constitution.[1] "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*, 441 U.S. at 538–39). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 561).

Here, Mayberry is alleging that Dunifin made him wear dirty clothes while withholding soap and toilet paper, even as fresh clothes were provided to other

---

[1] Because Mayberry was a pretrial detainee, his claim that he was subjected to unsanitary conditions will be evaluated under the Fourteenth Amendment standard which is less onerous than the Eighth Amendment standard. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017).

2

detainees. He claims that, as a result, he suffered anal inflammation and a rash. Mayberry may proceed with these claims under the Fourteenth Amendment because, as alleged, Dunifin's actions were arbitrary and not rationally related to a legitimate nonpunitive governmental purpose.

Next, Mayberry alleges he reported Dunifin to management after which his cell began to be shaken down repeatedly by Defendant Lt. Wisniewski during Dunifin's shifts. Mayberry filed more grievances and finally was able to speak with Defendant Captain Olmstead, but Olmstead ignored his complaints allowing shakedowns and lack of sanitation to continue.

Mayberry's claim that Lt. Wisniewsky and Dunifin retaliated against him for filing grievances falls under the First Amendment. "Grieving about prison conditions is protected First Amendment activity," *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012), and continuous shakedowns that started after Mayberry began filing his grievances, present a valid claim against Dunifin and Wisniewski, both of whom were allegedly involved. *Cf. Sobin v. Lowry*, No. 3:14-CV-1500 JD, 2016 WL 2643456, at *3 (N.D. Ind. May 9, 2016) (finding that triable issues existed regarding plaintiff's claim that defendant ordered shakedown searches of his cell in retaliation for plaintiff engaging in activities protected by the First Amendment).

Moreover, it can be inferred from the complaint that Olmstead, who was Dunifin's and Wisniewski's superior, deliberately failed to intervene and put an end to Mayberry's mistreatment. *See Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (referring to "the long-established rule that '[a]n official satisfies the personal responsibility

3

requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional right.'") (citation omitted). Accordingly, Mayberry has stated claims both under the First and Fourteenth Amendments against Olmstead for the alleged failure to intervene.

In his complaint, Mayberry also requests injunctive relief, but such relief is unavailable against the defendants because he's no longer housed at the St. Joseph County Jail.

For these reasons, the Court:

(1) GRANTS Mayberry leave to proceed against Deputy B. Dunifin in his personal capacity for monetary damages for allegedly depriving him of clean clothing and soap and toilet paper during the time period from Aril to June 2019, in violation of the Fourteenth Amendment;

(2) GRANTS Mayberry leave to proceed against Deputy B. Dunifin and Lt. Wisniewski in their individual capacities for monetary damages for allegedly retaliating against him by subjecting him to repeated shakedowns for filing grievances during the time period from April to June 2019, in violation of the First Amendment:

(3) GRANTS Mayberry leave to proceed against Captain Russ Olmstead in his individual capacity for monetary damages for allegedly failing to intervene and stop the Fourteenth and First Amendment violations listed in paragraphs (1) and (2) above;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Deputy B. Dunifin, Lt. Wisniewski, and Captain Russ Olmstead at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy B. Dunifin, Lt. Wisniewski, and Captain Russ Olmstead to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 13, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT